IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01780-BNB

TYEISHA LYNNICE DANIEL,

     Plaintiff,

v.

EXECUTIVE DIRECTOR RICK RAMISH [sic],
WARDEN D. J. JHONSON,
CAPTIN [sic] ARLO PADILLA,
SGT. NELSON,
SGT. ERIC OLSEN,
OFFICER MARCIE CHECKUESH,
LT. PATRICIA OZIAH,
SGT. NICHOLAS SEXTON,
SGT. KIM CALEY,
OFFICER KARLA TRAVIS,
OFFICER ROBERTS,
OFFICER RUESS,
OFFICER RIGGEE,
OFFICER DADLEY,
SGT. SESNA,
CASE MANAGER PATRICIA GABRIEL,
CASE MANAGER III DANIEL L. DEETS,
OFFICER SCHUETZ,
SGT BOWMEN,
THE MEDICAL DEPARTMENT, and
CAPTIN [sic] FISHER,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

     Plaintiff, Tyeisha Lynnice Daniel, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Denver Women's

Correctional Facility.  Ms. Daniel has filed *pro se* a Prisoner Complaint (ECF No. 1) for

money damages pursuant to 42 U.S.C. § 1983.  Ms. Daniel has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Ms. Daniel's Prisoner Complaint liberally because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).  For the reasons stated below, Ms. Daniel will be ordered to file an amended Prisoner Complaint if she wishes to pursue her claims in this action.

The Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced

2

by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Daniel repetitively lists Defendants on the first seven pages of her Prisoner Complaint, making slight differences among the listings, and including some Defendants on one list that do not appear to be included on another.  It is Ms. Daniel's responsibility, not the Court's or Defendants, to make clear who is being sued.  In the amended Prisoner Complaint she will be directed to submit, Ms. Daniel should only include one list of parties in the caption to the amended Prisoner Complaint and list the parties in the exact same order, with their complete addresses, in the section of the amended Prisoner Complaint titled "A. Parties."

Ms. Daniel alleges in the section of the Prisoner Complaint titled "C. Nature of the Case" that she is being mentally and emotionally abused.  However, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The United States Court of Appeals for the Tenth Circuit construes this language literally, finding that "mental or emotional" injuries are insufficient.  *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001); *see also Laratta v. Raemisch*, No. 12-cv-02079-MSK-KMT, 2014 WL 1237880, at *20 (D. Colo. Mar. 26, 2014) (unpublished).

In addition, Ms. Daniel's claims are vague and conclusory, asserting emotional abuse (claim one) on the basis of verbal abuse, medical malpractice and failure to

protect (claim two) based upon her assignment to a top bunk because she suffers from seizures, and deliberate indifference (claim three) based on an alleged failure to treat her for her "problems" and for giving her cold food.  ECF No. 7 at 11.

Merely making vague and conclusory allegations that her federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations."  *Hall*, 935 F.2d at 1110.  Verbal threats and harassment do not rise to the level of cruel and unusual punishment.  *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992).  Ms. Daniel fails to allege facts that demonstrate she was subjected to inhumane conditions of confinement or that any Defendant acted with deliberate indifference to her health or safety.  *See Farmer v. Brennan*, 511 U.S. 825 (1994).  In addition, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Ms. Daniel fails to assert her claims in a manner that is clear and concise and allows the Court and each Defendant to understand and respond to each asserted claim.  Generally, Ms. Daniel fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is

4

sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

It is Ms. Daniel's responsibility to present her claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Ms. Daniel must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or defendants be required to sift through Ms. Daniel's vague and conclusory allegations to determine the heart of each claim.

The Prisoner Complaint also is deficient because Ms. Daniel fails to allege facts that demonstrate how each of the named defendants personally participated in the asserted constitutional violations. In order to state a claim in federal court, Ms. Daniel "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526

U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Ms. Daniel should name as defendants in her amended Prisoner Complaint only those persons that she contends actually violated her federal constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Daniel must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff

must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Ms. Daniel may use fictitious names, such as "John or Jane Doe," if she does not know the real names of the individuals who allegedly violated her rights. However, if Ms. Daniel uses fictitious names she must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Ms. Daniel will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states defendants and claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint. Ms. Daniel is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may act as a dismissal with prejudice if Ms. Daniel seeks to refile in this Court because the two-year statute of limitations may have run on her § 1983 claims.

Accordingly, it is

7

ORDERED that Plaintiff, Tyeisha Lynnice Daniel, file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of her case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the form in filing an amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, some claims asserted against some Defendants or the entire Prisoner Complaint and action may be dismissed without further notice.

DATED July 21, 2014, at Denver, Colorado.

BY THE COURT:


*s/Craig B. Shaffer*
CRAIG B. SHAFFER
United States Magistrate Judge

8