IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01780-BNB

TYEISHA LYNNICE DANIEL, also known as
TYEISHA DANIEL,

    Plaintiff,

v.

EXECUTIVE DIRECTOR RICK RAMISH [sic], and
WARDEN DAVID JHONSON,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Tyeisha Lynnice Daniel, is a prisoner in the custody of the Colorado Department of Corrections at the Denver Women's Correctional Facility. Ms. Daniel filed *pro se* a Prisoner Complaint (ECF No. 7) for money damages pursuant to 42 U.S.C. § 1983.

    Ms. Daniel has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B), the Court must dismiss the action if the claims Ms. Daniel asserts are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

    Ms. Daniel is cautioned that her ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if she has three or

more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

On July 21, 2014, Magistrate Judge Craig B. Shaffer entered an order (ECF No. 9) directing Ms. Daniel to file an amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The July 21 order pointed out that Ms. Daniel repetitively listed Defendants on the first seven pages of her Prisoner Complaint, making slight differences among the listings, and including some Defendants on one list that did not appear to be included on another. The July 21 order further pointed out that, although Ms. Daniel alleged in the section of the Prisoner Complaint titled "C. Nature of the Case" she was being mentally and emotionally abused, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Magistrate Judge Shaffer noted that the United States Court of Appeals for the Tenth Circuit construes this language literally, finding that "mental or emotional" injuries are insufficient. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001); *see also Laratta v. Raemisch*, No. 12-cv-02079-MSK-KMT, 2014 WL 1237880, at *20 (D. Colo. Mar. 26, 2014) (unpublished).

The July 21 order also noted that Ms. Daniel's claims were vague and conclusory, asserting emotional abuse (claim one) on the basis of verbal abuse, medical malpractice and failure to protect (claim two) based upon her assignment to a

top bunk because she suffers from seizures, and deliberate indifference (claim three) based on an alleged failure to treat her for her "problems" and for giving her cold food. ECF No. 7 at 11.  The July 21 order discussed in detail the supporting factual allegations required for the claims Ms. Daniel was attempting to assert and how she needed to assert the personal participation of each named Defendant.  The July 21 order directed Ms. Daniel to obtain (with the assistance of her case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and use the form in filing an amended Prisoner Complaint.  Magistrate Judge Shaffer warned Ms. Daniel that if she failed to file an amended Prisoner Complaint as directed within the time allowed, some claims against some Defendants, or the entire Prisoner Complaint and action, may be dismissed without further notice.

On August 15, 2014, Ms. Daniel submitted a one-page amended Prisoner Complaint not on the Court-approved form against the two Defendants named in the caption to this order alleging as follows:

> I am an inmate at the Denver Womans Prison and I am
> fieling this complaint because I am not allowed to partake in
> any chuech services and I am not allowed to go to any
> programing that goes on because I am housed in unit 5.  I do
> not get the prpoer medical treatment and when I kite medical
> they tell me that they can not help me or that because I have
> seizers I don't qulify for a bottom bunk.  I have been told that
> if I have a seizer I died by the officers.

ECF No. 12 at 1 (quoting verbatim).  She failed to make any request for relief.

The Court must construe Ms. Daniel's amended Prisoner Complaint liberally because she is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, the amended Prisoner Complaint will be dismissed as legally frivolous.

Like the Prisoner Complaint Ms. Daniel originally filed, the amended Prisoner Complaint makes allegations that are vague and conclusory. Merely making vague and conclusory allegations that her federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110. A court may disregard conclusory allegations, which are not entitled to a presumption of truthfulness. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Meek v. Jordan*, 534 F. App'x 762, 764 (10th Cir. 2013). Ms. Daniel fails to allege facts that demonstrate she was subjected to inhumane conditions of confinement or that any Defendant acted with deliberate indifference to her health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). She also fails to allege facts that demonstrate how each of the named Defendants personally participated in the asserted constitutional violations. As Magistrate Judge Shaffer told Ms. Daniel in the July 21 order, to state a claim in federal court, Ms. Daniel "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or

her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Therefore, the amended Prisoner Complaint and the action will be dismissed as legally frivolous.

Finally, the amended Prisoner Complaint is not on the Court-approved Prisoner Complaint form as directed in the July 21 order. Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court require litigants to the Court-approved forms found on the Court's website. Rule 83(a)(2) of the Federal Rules of Civil Procedure allows a district court to enforce a local rule imposing a form requirement unless it "causes a part to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). Ms. Daniel makes no mention of being denied access to the Court-approved Prisoner Complaint form, nor did she ask the Court to mail her the form because she was unable to obtain it. Generally, "dismissal is an appropriate disposition against a part who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005).

In addition, the United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use

court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 12) and the action

are dismissed with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

    FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

    FURTHER ORDERED that any pending motions are denied as moot.

    DATED August 27, 2014, at Denver, Colorado.

                                      BY THE COURT:

                                      s/Lewis T. Babcock
                                      LEWIS T. BABCOCK, Senior Judge
                                      United States District Court